RAE KIRSCHBAUM, petitioner,

*v.*

EMANUEL KIRSCHBAUM, defendant.

[Decided September 25th, 1922.]

The continuity of a husband's desertion is not broken so as to defeat a wife's right to a divorce, by her submission to sexual intercourse fraudulently procured by his false promise to mate and home with her in marriage.

In divorce. On exceptions to master's report.

*Mr. James Mango,* for the exceptant.

BACKES, V. C.

The petitioner excepts to the master's report that her petition for divorce be denied because the charge of willful, continued and obstinate desertion for two years is not sustained by the proofs. I think the exception should prevail. The evidence satisfactorily establishes the offence. The marriage took place in 1919. The couple lived at the home of the petitioner's parents for a month or so, but not in marital relation, when the defendant disappeared and was gone for six months. They were friendly for a week, but lived separately, quarreled, and the defendant left the state. This time he was away for a year. Upon his return he visited his wife at her parents' home, and for the first time they engaged in marital intercourse. After two weeks he again abandoned her. He has never supported her. His separation from her for more than two years was with intent to desert her. That was his mental attitude. The separation and the intent to desert are shown by ample proof.

The master was of the opinion that the sexual intercourse a few months before the filing of the petition interrupted the

continuity of the desertion and defeated the petitioner's right to a decree. I cannot agree with him. She submitted on her husband's promise to mate and home with her in marriage. Having gratified his passion he again took himself off. His promise was false and the submission was fraudulently procured. He was minded to continue the desertion and the sexual contact could no more break the continuity of the desertion than if the wife had merely kissed or caressed him. *Jackson* v. *Jackson, 93 N. J. Eq. 216.* Had the intercourse taken place after two years' desertion and after the cause of action had become vested, a plea of condonation could only have been sustained upon a showing that the offender thereafter had treated his spouse with conjugal kindness. *Bravo* v. *Bravo, 93 N. J. Eq. 56.* The same treatment must be accorded to stop the running of the statutory period.

A decree of divorce will be granted.